IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DOMINICK OCHELLO, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:24-CV-00203-SDJ-AGD |
| v. | § | |
| | § | |
| RED LEG OUTFITTERS, LLC, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the court are Defendant Red Leg Outfitters, LLC's Motion to Dismiss Plaintiff's Premises Liability Cause of Action (Dkt. #9) and First Amended Motion to Dismiss Plaintiff's Premises Liability Cause of Action (Dkt. #12). Having reviewed the Motions (Dkt. #9; Dkt. #12), Plaintiff Dominick Ochello's Response (Dkt. #14), and all other relevant filings, the court recommends that Defendant's Motion (Dkt. #9) be denied as moot.[1] The court further recommends that Defendant's First Amended Motion (Dkt. #12) be denied.

**BACKGROUND**

Defendant manages and operates a duck hunting facility in Texas (Dkt. #11 at p. 2). Plaintiff alleges that in January 2022, he went duck hunting at a location managed and controlled by Defendant (Dkt. #11 at p. 2). During that hunt, Plaintiff alleges that he suffered injuries after he "was struck in his right eye by numerous pellets from a fellow hunter's shotgun." (Dkt. #11 at p. 2).

On February 29, 2024, Plaintiff filed a Complaint in the Northern District of Texas (Dkt. #1). On March 5, 2024, the case was transferred to the Eastern District of Texas, Sherman Division

---

[1] Because Plaintiff filed an Amended Complaint, Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. #9) should be denied as moot.

(Dkt. #3). On June 21, 2024, Defendant filed a Motion to Dismiss Plaintiff's Premises Liability Cause of Action (Dkt. #9). On July 3, 2024, Plaintiff filed an Amended Complaint (Dkt. #11). The same day, Defendant filed a First Amended Motion to Dismiss Plaintiff's Premises Liability Cause of Action (Dkt. #12) which is presently before the court. Defendant argues that Plaintiff has not asserted a claim of premises liability upon which relief can be granted because "Plaintiff's amended complaint still does not explain how the placement (or 'spacing') of hunters simultaneously constituted both a negligent act on the part of Defendant as well as a condition of the property under a premises liability theory." (Dkt. #12 at p. 3). On July 17, 2024, Plaintiff filed a Response, arguing that he alleged facts in support of each element of a premises liability claim (Dkt. #14 at p. 4).

## LEGAL STANDARD

"To survive a motion to dismiss [pursuant to Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] A court generally may not "go outside the complaint" in considering a Rule 12(b)(6) motion but may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted); *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

---

[2] To assess the sufficiency of a complaint, the court first identifies conclusory allegations and disregards them, for they are "not entitled to the assumption of truth," and then considers whether the remaining allegations "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

## ANALYSIS

At the outset, the court notes that Plaintiff is not barred from bringing negligence and premises liability causes of action in the alternative. *See Reyes v. Dollar Tree Stores, Inc.*, 221 F. Supp. 3d 817, 824 (W.D. Tex. 2016) ("Because Plaintiff alleges negligent, affirmative activity, and because negligent activity may be analyzed in tandem with premises liability, Defendant's argument that Plaintiff is restricted to pleading a premises liability claim fails."). Moreover, because Plaintiff alleges facts, that if true, support a premises liability cause of action, Defendant's First Amended Motion to Dismiss (Dkt. #12) should be denied.

Under Texas law, "[a] claim against a property owner for injury caused by a condition of real property generally sounds in premises liability." *Ardelean v. Wal-Mart, Inc.*, 838 F. App'x 852, 854 (5th Cir. 2020) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 642 (Tex. 2016)). The threshold legal question is whether a landowner has a "duty with respect to those who enter the property." *Id.* "When the injured person qualifies as an invitee . . . then as a general rule the landowner owes a 'duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not.'" *Id.* (quoting *Hillis v. McCall*, 602 S.W.3d 436, 440 (Tex. 2020)). "An invitee is a person who 'enters the property of another 'with the owner's knowledge and for the mutual benefit of both.'" *Id.* at n.5 (quoting *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996)).

Here, Plaintiff asserts that he "was a licensee at the hunting facility operated by Defendant." (Dkt. #11 at p. 2). However, the next sentence reads: "As an invitee, he was owed a duty that Defendants would make the premises safe from dangerous conditions that Defendants knew, or should have known, existed." (Dkt. #11 at p. 2). Defendant does not address Plaintiff's status on the property. In any event, "[t]he difference between a licensee and an invitee is that an invitee is

3

present for the mutual benefit of himself and the owner, while a licensee is on the premises only for his own purposes, not because of any business dealings with the owner." *Osadchy v. S. Methodist Univ.*, 232 S.W.3d 844, 852 (Tex. App.—Dallas 2007) (citation omitted). It appears that Plaintiff was a patron at Defendant's hunting facility and thus was "present for the mutual benefit of himself and the owner." *Id.* Accordingly, for purposes of the instant Motion, the court finds that Plaintiff was an invitee as to Defendant's property when the relevant events took place.

>  To succeed on a premises liability claim, an invitee must prove the following elements:
>
>  (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*Horton v. Walden Marina*, No. 09-15-00491-CV, 2017 WL 4296436, at *3 (Tex. App.—Beaumont Sept. 28, 2017) (citation omitted). Under Texas law, premises liability encompasses "'a nonfeasance theory based on the owner's failure to take measures to make the property safe.'" *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) (citation omitted). A person injured on another's property may have a premises liability or a negligence claim against the property owner depending on the cause of the injury. *Lucas v. Titus County Hosp. Dist.*, 964 S.W.2d 144, 153 (Tex. App. 1998)). "If a plaintiff was injured by a condition created by the activity rather than the activity itself, the plaintiff is limited to a premises liability theory of recovery." *Id.* Conversely, a "negligent activity claim arises from activity contemporaneous with the occurrence." *In re Texas Dep't of Transp.*, 218 S.W.3d 74, 77 (Tex. 2007).

Plaintiff alleges that "Defendant knew or should have known of the unreasonably dangerous condition at the hunting facility created by improperly spacing hunters." (Dkt. #11 at p. 2). Plaintiff further argues that "Defendant knew of the dangerous condition because it is the one

that placed hunters on the premises" and that the spacing posed an unreasonable risk of harm (Dkt. #11 at pp. 2–3). Further, Plaintiff alleges that Defendant did not exercise reasonable care to eliminate that risk by changing the positioning of the hunters, warning the hunters, or having shielding in place to protect the hunters from the other shooters (Dkt. #11 at pp. 2–3). In response, Defendant argues that the "hunter (and his shotgun) was not a condition of the premises, regardless of spacing, who decided upon it, or whether that spacing was predetermined." (Dkt. #14 at p. 4).

The court finds that Plaintiff plead facts, that if true, demonstrate a cause of action for premises liability. For purposes of analyzing Defendant's Amended Motion to Dismiss, it is foreseeable that allowing a third party to fire a gun towards an invitee could proximately cause injury to the invitee. And from Plaintiff's pleadings, it appears that Defendant, at least in part, controlled the location of the hunters. *See Reyes*, 221 F. Supp. 3d at 833 ("Proof that the premises owner or occupier 'created a condition which poses an unreasonable risk of harm may constitute circumstantial evidence that the owner or occupier knew of the condition.'") (citations omitted). Thus, Plaintiff has pleaded sufficient facts that Defendant should have reasonably anticipated the harm to Plaintiff and taken precautions to prevent it. The court therefore finds that Plaintiff has stated a claim for relief under a theory of premises liability such that Defendant's First Amended Motion to Dismiss (Dkt. #12) should be denied.

## CONCLUSION AND RECOMMENDATION

The court recommends that Defendant Red Leg Outfitters, LLC's Motion to Dismiss Plaintiff's Premises Liability Cause of Action (Dkt. #9) be **DENIED as moot**. The court further recommends that Defendant Red Leg Outfitters, LLC's First Amended Motion to Dismiss Plaintiff's Premises Liability Cause of Action (Dkt. #12) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 11th day of March, 2025.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE